105 F.3d 1208
 115 Ed. Law Rep. 645
 Michael C. LIDDELL, a minor, by Minnie LIDDELL, his mother
and next friend; Kendra Liddell, a minor, by Minnie
Liddell, her mother and next friend; Minnie Liddell;
Roderick D. LeGrand, a minor, by Lois LeGrand, his mother
and next friend; Lois LeGrand; Clodis Yarber, a minor, by
Samuel Yarber, his father and next friend; Samuel Yarber;
Earline Caldwell; Lillie Caldwell; Gwendolyn Daniels;
National Association for the Advancement of Colored People;
United States of America, Plaintiffs-Appellees;
City of St. Louis, Plaintiff;
v.
The BOARD OF EDUCATION OF THE CITY OF ST. LOUIS; Hattie R.
Jackson, President, The Board of Education of the City of
St. Louis; Rev. Earl E. Nance, Jr., a member of the Board
of Education of the City of St. Louis; Renni B. Shuter, a
member of the Board of Education of the City of St. Louis;
Paula V. Smith, a member of the Board of Education of the
City of St. Louis; Dr. Albert D. Bender, Sr., a member of
the Board of Education of the City of St. Louis; Eddie G.
Davis, a member of the Board of Education of the City of St.
Louis; Dr. John P. Mahoney, a member of the Board of
Education of the City of St. Louis; Marybeth McBryan, a
member of the Board of Education of the City of St. Louis;
Thomas M. Nolan, a member of the Board of Education of the
City of St. Louis; William Purdy, a member of the Board of
Education of the City of St. Louis; Robbyn G. Wahby, a
member of the Board of Education of the City of St. Louis;
Madye Henson Whithead, a member of the Board of Education of
the City of St. Louis; Dr. Cleveland Hammonds, Jr.,
Superintendent of Schools for the City of St. Louis,
Defendants-Appellees;
Ronald Leggett, St. Louis Collector of Revenue, Defendant;
State of Missouri; Mel Carnahan, Governor of the State of
Missouri; Jeremiah W. (Jay) Nixon, Attorney General; Bob
Holden, Treasurer; Richard A. Hanson, Commissioner of
Administration; Robert E. Bartman, Commissioner of
Education; Missouri State Board of Education, and its
members; Thomas R. Davis; Gary M. Cunningham; Sharon M.
Williams; Peter F. Herschend; Jacqueline D. Wellington;
Betty E. Preston; Russell V. Thompson; Rice Pete Burns,
Defendants-Appellants;
Special School District of St. Louis County; Affton Board
of Education; Bayless Board of Education; Brentwood Board
of Education; Clayton Board of Education;
Ferguson-Florissant Board of Education; Hancock Place Board
of Education; Hazelwood Board of Education; Jennings Board
of Education; Kirkwood Board of Education; LaDue Board of
Education; Lindbergh Board of Education;
Maplewood-Richmond Heights Board of Education; Mehlville
Board of Education; Normandy Board of Education; Parkway
Board of Education; Pattonville Board of Education;
Ritenour Board of Education; Riverview Gardens Board of
Education; Rockwood Board of Education; University City
Board of Education; Valley Park Board of Education;
Webster Groves Board of Education; Wellston Board of
Education; St. Louis County; Buzz Westfall, County
Executive; James Baker, Director of Administration, St.
Louis County, Missouri; Robert H. Peterson, Collector of
St. Louis County "Contract Account," St. Louis County,
Missouri; The St. Louis Career Education District,
Defendants-Appellees;
St. Louis Teachers' Union, Local 420, AFT, AFL-CIO,
Intervenor Below-Appellee.
Michael C. LIDDELL, a minor, by Minnie LIDDELL, his mother
and next friend; Kendra Liddell, a minor, by Minnie
Liddell, her mother and next friend; Minnie Liddell;
Roderick D. LeGrand, a minor, by Lois LeGrand, his mother
and next friend; Lois LeGrand; Clodis Yarber, a minor, by
Samuel Yarber, his father and next friend; Samuel Yarber;
Earline Caldwell; Lillie Caldwell; Gwendolyn Daniels;
National Association for the Advancement of Colored People;
United States of America, Plaintiffs-Appellees;
City of St. Louis, Plaintiff;
v.
The BOARD OF EDUCATION OF THE CITY OF ST. LOUIS; Hattie R.
Jackson, President, The Board of Education of the City of
St. Louis; Rev. Earl E. Nance, Jr., a member of the Board
of Education of the City of St. Louis; Renni B. Shuter, a
member of the Board of Education of the City of St. Louis;
Paula V. Smith, a member of the Board of Education of the
City of St. Louis; Dr. Albert D. Bender, Sr., a member of
the Board of Education of the City of St. Louis; Eddie G.
Davis, a member of the Board of Education of the City of St.
Louis; Dr. John P. Mahoney, a member of the Board of
Education of the City of St. Louis; Marybeth McBryan, a
member of the Board of Education of the City of St. Louis;
Thomas M. Nolan, a member of the Board of Education of the
City of St. Louis; William Purdy, a member of the Board of
Education of the City of St. Louis; Robbyn G. Wahby, a
member of the Board of Education of the City of St. Louis;
Madye Henson Whithead, a member of the Board of Education of
the City of St. Louis; Dr. Cleveland Hammonds, Jr.,
Superintendent of Schools for the City of St. Louis,
Defendants-Appellees;
Ronald Leggett, St. Louis Collector of Revenue, Defendant;
State of Missouri; Mel Carnahan, Governor of the State of
Missouri; Jeremiah W. (Jay) Nixon, Attorney General; Bob
Holden, Treasurer; Richard A. Hanson, Commissioner of
Administration; Robert E. Bartman, Commissioner of
Education; Missouri State Board of Education, and its
members; Thomas R. Davis; Gary M. Cunningham; Sharon M.
Williams; Peter F. Herschend; Jacqueline D. Wellington;
Betty E. Preston; Russell V. Thompson; Rice Pete Burns,
Defendants-Appellants;
Special School District of St. Louis County; Affton Board
of Education; Bayless Board of Education; Brentwood Board
of Education; Clayton Board of Education;
Ferguson-Florissant Board of Education; Hancock Place Board
of Education; Hazelwood Board of Education; Jennings Board
of Education; Kirkwood Board of Education; LaDue Board of
Education; Lindbergh Board of Education;
Maplewood-Richmond Heights Board of Education; Mehlville
Board of Education; Normandy Board of Education; Parkway
Board of Education; Pattonville Board of Education;
Ritenour Board of Education; Riverview Gardens Board of
Education; Rockwood Board of Education; University City
Board of Education; Valley Park Board of Education;
Webster Groves Board of Education; Wellston Board of
Education; St. Louis County; Buzz Westfall, County
Executive; James Baker, Director of Administration, St.
Louis County, Missouri; Robert H. Peterson, Collector of
St. Louis County "Contract Account," St. Louis County,
Missouri; The St. Louis Career Education District,
Defendants-Appellees;
St. Louis Teachers' Union, Local 420, AFT, AFL-CIO,
Intervenor Below-Appellee.
 Nos. 96-2994, 96-3630.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 13, 1997.
Decided Jan. 28, 1997.
Rehearing and Suggestion for Rehearing En Banc Denied May 7, 1997.
 
 John R. Munich, Assistant Attorney General, argued, Jefferson City, MO (Michael J. Fields, Gregory J. Scott and Alfred A. Lindseth, on the brief), for appellants.
 John Gianoulakis, argued, St. Louis, MO (Mark J. Bremer, Henry D. Menghini, George J. Bude, Darold E. Crotzer, Jr., Thomas E. Tueth, Andrew Leonard, Robert P. Baine, Jr., Douglas A. Copeland and Robert G. McClintock, on the brief), for St. Louis County Schools.
 Kenneth Charles Brostron, argued, St. Louis, MO (Stephen A. Cooper, Alan D. Pratzel, Dirk DeYong and Valerie M. Davis, on the brief), for Board of Education.
 Michelle Aronowitz, argued, U.S. Department of Justice, Washington, DC (Dennis J. Dimsey, on the brief), for U.S.
 William L. Taylor, argued, Washington, DC (William L. Taylor, Dianne M. Piche, Michael A. Middleton and William Douthit, on the brief), for NAACP.
 Before McMILLIAN, HEANEY and FAGG, Circuit Judges.
 HEANEY, Circuit Judge.
 
 
 1
 In 1984, this court, sitting en banc, affirmed an order of the United States District Court for the Eastern District of Missouri approving a settlement agreement to integrate the St. Louis School District.[1] Since then, as elements of the plan have been implemented, over eighteen appeals have been before this court, usually on questions relating to the responsibility of the State of Missouri to fund various aspects of the plan.
 
 
 2
 In October 1991, the State moved the district court to declare the St. Louis School District unitary. This motion was resisted by the plaintiffs, the United States, and the St. Louis Board of Education. No response was filed by the State. In May 1992, the State filed a new motion requesting partial unitary status. Later that month, the district court held that the State's request was premature but permitted the State to answer certain discovery requests stating that the possibility existed that a declaration of unitary status might be appropriate in the future.
 
 
 3
 In November 1993, the State filed an amended motion for unitary status. It informed the court that it would be prepared to present its evidence in support of the motion within nine to twelve months. Most parties again responded that the motion was still premature. In October 1994, the State asked the district court to set a date for a hearing on its motion. In February 1995, the district court granted the State's request and scheduled a hearing for September of that year. The hearing was later rescheduled for March 1996 to accommodate the schedules of the twenty parties to the case.
 
 
 4
 In January 1996, the State filed a motion with the district court to terminate promptly an element of the desegregation program that permits black students residing in the St. Louis School District to voluntarily transfer to a suburban school, requires the State to fund such transfers, and also permits limited voluntary transfers of suburban students to the St. Louis School District. The motion was "conditional," as the State requested the court to consider the motion only if it did not enter an order finding that the St. Louis School District had achieved a unitary status. The motion provoked varied responses, including that the plaintiffs and the United States urged the court to appoint a settlement coordinator to attempt to resolve the litigation, and the City Board asked that the pending hearing on unitary status be postponed.
 
 
 5
 In February, the district court denied the State's conditional motion as having been improvidently filed and not ripe for adjudication. The court stated:
 
 
 6
 The Court agrees with plaintiffs that the best resolution of this case would be an agreed-upon plan for ending Court supervision of the St. Louis Public Schools. The Court[,] however[,] is reluctant to continue the hearing. It may well be that the possibility for settlement will be greater following the hearing, at which time the appointment of a Settlement Coordinator would be appropriate and beneficial.
 
 
 7
 Liddell, G(1939)96, at 2 (E.D.Mo. Feb. 15, 1996). The State did not appeal the district court's order denying its motion.
 
 
 8
 The court held an evidentiary hearing on the State's unitary status motion from March 4 through March 26, 1996. The court has yet to decide that motion. Following the hearing, the court entered an order on April 23, 1996 stating that the preferred conclusion of the case would be an agreed-upon plan for ending court supervision of the St. Louis Public Schools. It determined that a serious settlement effort under the direction of the settlement coordinator, Dr. William H. Danforth, should be undertaken. It ordered the parties to participate in good faith in the negotiations. It stayed the post-hearing briefing schedule and ordered that all components of the settlement agreement then in force should continue in effect. Liddell, G(2062)96 (E.D.Mo. April 23, 1996).
 
 
 9
 The State then filed a motion to alter or amend the court's order appointing Dr. Danforth, arguing that the settlement director should not be authorized to make recommendations to the court as to the disposition of the case, that only twenty-five days should be allowed for negotiations, and raising several other objections.
 
 
 10
 On June 26, 1996, the court ruled that the negotiations would be confidential from the court and outside parties, that the coordinator would not recommend to the court how the case should be resolved, and rejected the time limit for negotiations proposed by the State expressing confidence that the settlement coordinator would proceed with all due diligence. Liddell, G(2134)96 (E.D.Mo. June 26, 1996).
 
 
 11
 On July 24, 1996, the State appealed the two district court orders. The State also sought to stay the interdistrict components of the present desegregation remedy pending appeal of the order appointing the settlement coordinator. The State sought alternative remedies limiting its obligations under the desegregation plan. The district court denied the motions for the stay pending appeal on August 14, 1996. Liddell, G(2175)96 (E.D.Mo. Aug. 14, 1996). This court and Justice Thomas as circuit judge denied substantially similar motions for a stay pending appeal on August 23, 1996 and August 30, 1996, respectively. On October 1, 1996, the State appealed district court order G(2175)96 denying the State's motion for a stay pending appeal. All three appeals have been consolidated by this court.
 
 
 12
 We dismiss all three appeals. The appeals from orders G(2062)96 and G(2134)96 are interlocutory and relate to settlement procedures and case management. They cannot be characterized as appeals from orders denying an injunction. Thus, these appeals are not within the purview of 28 U.S.C. § 1292(a)(1). A district court, particularly in school desegregation cases, has broad discretion to control its docket and has the necessary flexibility to shape remedies that adjust public and private needs. Milliken v. Bradley, 433 U.S. 267, 288, 97 S.Ct. 2749, 2761, 53 L.Ed.2d 745 (1977); Brown v. Board of Educ., 349 U.S. 294, 300, 75 S.Ct. 753, 756, 99 L.Ed. 1083 (1955).
 
 
 13
 With respect to district court order G(2175)96, the denial of a stay pending appeal is not an appealable order. The State argues that the district court erred because it effectively denied its motion for unitary status. We disagree. The district court has yet to rule on the State's unitary status motion. The district court in this case has not refused to rule on the State's motion that the St. Louis School District be declared unitary. It has simply postponed post-hearing briefing and deferred final ruling on this matter. We cannot review a matter that has not been ruled on by the district court. We lack jurisdiction over the State's claim that the district court has erroneously denied its motion for unitary status.
 
 
 14
 For the foregoing reasons, we dismiss the State's appeals.
 
 
 
 [1]
 Liddell v. Missouri, 731 F.2d 1294 (8th Cir.1984)